UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAMION NATHANIAL BROMFIELD,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL B. MUKASEY, United States Attorney General,<br><br>Respondent. | CASE NO. C08-09-JLR-JPD<br><br>REPORT AND RECOMMENDATION |

Petitioner Damion Nathanial Bromfield is a native and citizen of Jamaica who has been detained without bond by the U.S. Immigration and Customs Enforcement ("ICE") since February 8, 2006. On February 14, 2007, this Court granted petitioner's Petition for Writ of Habeas Corpus and ordered that an Immigration Judge ("IJ") hold a bond determination hearing pursuant to Section 236(a) of the Immigration and Nationality Act ("INA"). *See Bromfield v. Clark*, Case No. 06-757-RSM, Dkt. 26 (W.D. Wash. 2007). On March 12, 2007, the IJ held a bond hearing pursuant to this Court's order and denied bond. Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), which vacated the IJ's bond order and dismissed petitioner's bond appeal as moot, believing that it and the IJ lacked jurisdiction to make a bond

REPORT AND RECOMMENDATION
PAGE – 1

determination because it believed that this was a post-removal case. Petitioner appealed the BIA's decision to the United States Court of Appeals for the Ninth Circuit, which determined that the BIA's belief that this is a post-removal case was in error. The Ninth Circuit held that this is a pre-removal case because petitioner had requested judicial review of his removal order and the Ninth Circuit had granted a stay of removal in that still pending petition for review. *See Bromfield v. Mukasey*, No. 07-72319 (9th Cir. Dec. 26, 2007) (citing 8 U.S.C. § 1231(a)(1)(B)(ii)). "Therefore, the IJ had jurisdiction to enter the bond decision, and the BIA has jurisdiction over the appeal of that bond decision." *Id.* (citing 8 C.F.R. §§ 1003.19, 1003.38). The Ninth Circuit found, however, that it lacked jurisdiction over the petition for review of the BIA's action because the case concerned a pre-removal bond decision. Therefore, the Ninth Circuit construed the petition for review as an original petition for writ of habeas corpus and transferred the petition to this Court. Dkt 17.

Respondent has filed a Return and Status Report on Petitioner's Writ of Habeas Corpus, indicating that the Government has no objection to the transfer of this case back to the BIA, so that the BIA can "'decide the merits of [Mr. Bromfield's] appeal of the IJ's bond decision.'" Dkt. 29 (quoting *Bromfield v. Mukasey*, No. 07-72319 (9th Cir. Dec. 26, 2007)).

Accordingly, the Court recommends that petitioner's habeas petition, Dkt. 17, be GRANTED, and that the BIA be ordered to decide the merits of petitioner's appeal of the IJ's bond decision. A proposed Order accompanies this Report and Recommendation.

DATED this 26th day of February, 2008.

*/s/ James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 2